IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LINDA RAYNOR, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:06-CV-00064 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| VIRGINIA DEPARTMENT OF ) | |
| SOCIAL SERVICES, ) | By: Samuel G. Wilson |
| ) | United States District Judge |
| ) | |
| Defendant. ) | |

Plaintiff Linda Raynor, proceeding pro se, brings this action against the Virginia Department of Social Services (DSS), claiming, among other things, that Dr. Neil Sonenklar has committed "medical malpractice in the treatment of foster kids" in DSS custody. Raynor seeks to proceed in forma pauperis (IFP) and seeks the removal of Dr. Sonenklar. Having considered Raynor's complaint, the court will grant Raynor IFP status; however, the court dismisses Raynor's action because her complaint fails to state a claim for which the court may grant relief. See 28 U.S.C. § 1915(e)(2)(B) (stating that a court may "at any time" dismiss an in forma pauperis claim if the action "fails to state a claim on which relief may be granted"). Because Raynor has a pending action against DSS in which she has asserted her constitutional claims and because she continues to file repetitive actions against DSS, the Clerk is directed not to receive additional actions against DSS unless Raynor pays the filing fee.[1] This order does not prevent

---

[1] Raynor previously brought four actions against DSS, and in each action, the court granted Raynor IFP status but dismissed one sua sponte for failure to state a claim for which the court may grant relief, 28 U.S.C. § 1915(e)(2)(B) (stating that a court may "at any time" dismiss an in forma pauperis claim if the action "fails to state a claim on which relief may be granted"),

1

Raynor from submitting further filings in her pending case against DSS. See Raynor v. Virginia Department of Social Services, 5:06-CV-00055.

I.

Raynor claims that Dr. Sonenklar, a Virginia Commonwealth University associate professor of psychiatry and pediatrics, has committed medical malpractice. Raynor also claims that documents from her daughter's file with the Harrisonburg Juvenile and Domestic Relations Court prove this wrongful conduct. Raynor has submitted a letter from Dr. Soneklar stating that Raynor's daughter, a minor child in DSS custody, should continue taking certain medication to maintain her stability.

II.

"The plaintiff seeking relief in federal court bears the burden of alleging and proving the facts conferring jurisdiction." Gambelli v. U.S., 904 F. Supp. 494, 496 (E.D. Va. 1995) (citing Sligh v. Doe, 596 F.2d 1169, 1170 (4th Cir. 1979)). Liberally construing Raynor's complaint, it appears that she is seeking relief pursuant to 42 U.S.C. § 1983 and thus alleging federal question jurisdiction; however, § 1983 does not provide a cause of action for a medical malpractice claim, and Raynor has not alleged another basis for federal question jurisdiction. See 28 U.S.C. § 1331

---

and dismissed the other three actions sua sponte because Raynor has a pending action against DSS in which she makes essentially the same allegations concerning her daughter, a minor child in DSS custody, 28 U.S.C. § 1915(e)(2)(B) (stating that a court may "at any time" dismiss an in forma pauperis claim if the action "is frivolous or malicious"); Clay v. Yates, 809 F. Supp. 417, 427-28 (E.D. Va. 1992) (stating that district courts, when considering whether an action is "malicious" under 28 U.S.C. § 1915, should consider "the extent to which the conduct of that litigant constitutes an abuse of the judicial process" and that "a complaint which merely repeats pending or previously litigated claims may be considered abusive"). See Raynor v. Virginia Dept. of Social Services, 5:06-CV-00056; Raynor v. Virginia Dept. of Social Services, 5:06-CV-00059; Raynor v. Virginia Dept. of Social Services, 5:06-CV-00060; Raynor v. Virginia Dept. of Social Services, 5:06-CV-00061.

(stating that "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Moreover, Raynor has not alleged nor is there any indication that the court has diversity jurisdiction. See 28 U.S.C. § 1332(a) (stating that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different states"). Because Raynor has failed to allege a sustainable basis for jurisdiction, the court dismisses Raynor's claims.

### III.

For the reasons stated herein, the court dismisses Raynor's claims without prejudice.

ENTER: This 18th day of July, 2006.

UNITED STATES DISTRICT COURT